UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

**NESPON INC,**

   Plaintiff,

v.                                              No. 4:24-cv-0680-P

**NORTH STATE TELEPHONE, LLC, ET AL.,**

   Defendants.

## MEMORANDUM OPINION & ORDER

Before the Court is Plaintiff Nespon Inc.'s Motion to Dismiss Defendants' Counterclaims (ECF No. 56). Having reviewed the briefing and applicable law, the Court will **DENY** the Motion.

## LEGAL STANDARD

Rule 12(b)(6) allows a party to move to dismiss a claim for relief if the party fails to state a claim upon which relief can be granted. *See* FED. R. CIV. P. 12 (b)(6). A 12(b)(6) motion is an appropriate way to dispose of a claim for attorney's fees. *See e.g., Blanchais v. Flowserve Corp.*, No. 3:07-CV-1270-G, 2007 WL 9717596, at *2 (N.D. Tex. Nov. 19, 2007). In evaluating a Rule 12(b)(6) motion, the court must accept all well-pleaded facts as true and view them in the light most favorable to the non-movant. *See Inclusive Cmtys. Project, Inc. v. Lincoln Prop. Co.*, 920 F.3d 890, 899 (5th Cir. 2019) (quoting *Campbell v. Wells Fargo Bank, N.A.*, 781 F.2d 440, 442 (5th Cir. 1986)). "Further, 'all questions of fact and any ambiguities in the controlling substantive law must be resolved in the p[arty]'s favor.'" *Id.* (quoting *Lewis v. Fresne*, 252 F.3d 352, 357 (5th Cir. 2001)).

However, courts are not bound to accept as true legal conclusions couched as factual allegations. *See In re Ondova Ltd.*, 914 F.3d 990, 993 (5th Cir. 2019) (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). The well-pleaded facts must permit the court to infer more than the

mere possibility of misconduct. *See Hale v. King*, 642 F.3d 492, 499 (5th Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). That is, the complaint must allege enough facts to move the claim across the line from conceivable to plausible. *See Turner v. Pleasant*, 663 F.3d 770, 775 (5th Cir. 2011) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Determining whether the plausibility standard has been met is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* (quoting *Iqbal*, 556 U.S. at 663–64).

## ANALYSIS

In its Motion, Nespon asserts that Defendants claims should be dismissed because: (1) Defendants incorrectly apply North Carolina law rather than Texas law; and (2) Defendants have failed to state a claim upon which relief can be granted. ECF No. 56-2. The Court will begin with the choice of law question before turning to whether Defendants sufficiently plead their counterclaims.

### A. Choice of Law

When a federal district court sits in diversity, it must apply the choice-of-law rules of the forum state, in this case, Texas. *See Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 US 487, 497 (1941). Under Texas choice-of-law rules, the law is supplied by "the state which, with respect to that issue has the most significant relationship to the transaction and the parties." *Aperia Sols., Inc., v. eVance, Inc.*, No. 3:18-cv-03276-X, 2022 WL 16935241, at *2 (N.D. Tex. Nov. 14, 2022) (Starr, J.); Restatement (Second) of Conflict of Laws, § 188 (Am. Law. Inst. 1988). In tort cases, like this one, the "most significant relationship" is determined by evaluating the following factors: (1) the place where the injury occurred; (2) the place where the conduct causing the injury occurred; (3) the domicile, residence, nationality, place of incorporation and place of business of the parties; and (4) the place where the relationship, if any, between the parties is centered. Restatement (Second) of Conflict of Laws, § 145(2) (2010). The analysis "should not turn on the number of contacts, but more importantly on the qualitative

nature of those contacts." *Gutierrez v. Collins*, 583 S.W.2d 312, 319 (Tex. 1979).

In its Motion to Dismiss, Nespon improperly attempts to make its choice-of-law argument by incorporating its Response to Defendants' Motion to Dismiss. ECF No. 56-2 at 5 ("Moreover, Texas law is appropriate considering the significant relationship with Texas as demonstrated in Nespon's Response in Opposition to Defendants' Motion to Dismiss and Alternative Motion to Transfer Venue . . ."). And courts need not consider arguments that are incorporated by reference. *See Black Cat Expl. & Prod., LLC v. MWW Cap. Ltd.*, No. 1:15-CV-51-BL, 2015 WL 12731751, at *3 (N.D. Tex. Apr. 29, 2015) (Frost, J.) (citing *Saffran v. Boston Sci. Corp*, No. 2-05-cv-547, 2008 U.S. Dist. LEXIS 52557, n.5 (E.D. Tex. July 9, 2008) (noting that allowing a party to incorporate multiple arguments by reference into its motion without obtaining prior leave of court procedurally "eviscerates the court's page limit restriction.")).[1] But even if the Court was to consider Nespon's arguments, they fail for the reasons set out below.

As discussed above, the Court must apply four factors to determine which state has the most significant relationship. Here, taking the allegations as true for the purposes of this Motion, those factors apply as follows to Defendants' counterclaims: *First*, the injury occurred in North Carolina where Defendants are based and operate; *Second*, the alleged fraudulent statements (the conduct causing the alleged injury) were directed to North Carolina and some were made in North Carolina; *Third,* one party is a citizen of Texas and the other North Carolina; and *fourth*, the relationship was centered in North Carolina where Defendants commissioned the work and intended to use the contracted for greenfield environment. All in-person meetings occurred in North Carolina and some of the work was done there. *See* ECF No. 57 at 7. The considerations weighing in favor of Texas—it is Plaintiff's place of business, some of the work was done there, and some emails and payments were sent there—are significantly outweighed by the factors

---

[1] In its Reply, Plaintiff asserts that the Court already ruled on this issue when it denied Defendants motion to dismiss. But a finding that the Court has jurisdiction is different in kind than a choice-of-law determination.

weighing in favor of North Carolina. *See* ECF No. 21 at 4–8 (Plaintiff's improperly incorporated reasons for why Texas has a more significant relationship). Therefore, the Court holds that North Carolina law applies to Defendants' counterclaims.

### B. 12(b)(6) Motion

The standard for surviving a motion to dismiss is quite low as a defendant must clear "a high threshold" before its motion can be granted. *See, e.g., Riddley v. CooperSurgical, Inc.*, No. 2:24-CV-109-BR, 2024 WL 4557340, at *5 (N.D. Tex. Oct. 23, 2024) (citing Hodge v. Engleman, 90 F.4th 840, 843 (5th Cir. 2024) ("Rule 12(b)(6) motions are viewed with disfavor and rarely granted.") (cleaned up)). Having reviewed the Parties' arguments regarding whether Defendants have sufficiently pled their counterclaims, and the applicable law, the Court finds that Nespon's Motion should be and hereby is **DENIED**.

**SO ORDERED** on this **14th day of August 2025.**

MARK T. PITTMAN
UNITED STATES DISTRICT JUDGE

4